UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STOOP NILSSON, formerly
known as Kathryn D. Nilson,

      Plaintiff,

v.

LUKE-DORF, INC., a domestic
nonprofit corporation,

      Defendant.
_____

Civil No. 09-1527-HA

OPINION AND ORDER

HAGGERTY, District Judge:

      Plaintiff brings suit against defendant asserting three claims. In the order addressed in this ruling, these are: (1) "Safety Complaint Retaliation" under ORS 654.062; (2) "Retaliation for Complaint Against Health Care/Residential Care Facility" under ORS 659A.233; and (3) Wrongful Discharge.

      Defendant moves for summary judgment [10], arguing that it is entitled to judgment as a matter of law against each of plaintiff's claims.

      The court has determined that oral argument on this motion is unnecessary. For the following reasons, defendant's motion is granted in part.

OPINION AND ORDER -1

**SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Defendant, the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-49. If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987)).

**BACKGROUND**

Some aspects of the factual background are undisputed. The disputed facts will be viewed in a light favorable to plaintiff. Plaintiff worked as a Residential Counselor for defendant Luke-Dorf, Inc., beginning in July 2008. She was involuntarily terminated on April 21, 2009.

OPINION AND ORDER -2

Defendant is a non-profit corporation that manages approximately fifteen facilities, including residential treatment facilities, residential treatment homes, and other, similar facilities.

Plaintiff served as a Residential Counselor at defendant's "Bridgeview Community" (the BVC), which defendant describes as a "transitional housing facility that brings homeless people with severe mental illness into a protective setting to prepare them for a move into permanent housing." Dft.'s Concise Statement of Facts (CSF) at 1. Residents come from the chronically homeless population, and have been identified as suffering from severe mental illness; some have been diagnosed as substance abusers. *Id*.

The BVC provided what are known as "sharps disposal containers" for the disposal of "sharps" – used needles and other sharp items. In the summer of 2008, sharps containers were vandalized and pulled from bathroom walls in the BVC. The facility's staff and residents encountered used needles in bathrooms, stairwells, and in garbage cans.

Plaintiff and others reported the dangerous conditions to managers. Plaintiff alleges that management was unresponsive to these complaints. In January 2009, plaintiff asked the new Program Manager, Lisa Davila, to address the safety issue of discarded sharps being found throughout the building. Plaintiff alleges that manager Mona Knapp precluded Davila from responding, and directed plaintiff not to discuss the issue.

Also in early 2009, defendant established a "Safety Committee," which plaintiff asserts was formed by defendant for the purpose of addressing safety issues throughout defendant's properties, and to make safety recommendations to the corporate-wide management team. Committee members were recruited by defendant from all of its properties. Plaintiff was a Committee member, and in March and April 2009, she voiced concerns about the sharps issue. Plaintiff alleges that the

OPINION AND ORDER -3

sharps disposal issue was discussed by plaintiff and other facility representatives from several other properties owned by defendant. She alleges that plans were discussed to investigate the cost of secure, locked, tamper-resistant sharps disposal units. She also alleges that defendant directed the Committee to cease work on the issue, and indicated that no further action would be taken.

Plaintiff subsequently expressed her frustration that the issue had been inadequately addressed. Within days her employment was terminated. Plaintiff asserts that there is no dispute that plaintiff's safety complaint regarding sharps disposal issues motivated her termination. Plaintiff asserts that defendant failed to adhere to its progressive disciplinary policy, and that no performance issues existed that otherwise justified her termination.

Plaintiff was subsequently offered unconditional reinstatement, which she declined. She also was sent a check representing the "full amount of the wage loss that she experienced between the time of her termination and June 15, 2009," the date when she commenced employment elsewhere. Dft.'s CSF at 5.

Plaintiff has brought suit against defendant. She asserts that defendant violated ORS 654.062 by terminating plaintiff for engaging in protected conduct, and that defendant violated ORS 659A.233 by terminating her for reporting possible violations committed by a "health care facility" or a "residential facility" in contravention of Oregon statutory law. Plaintiff also advances a common-law wrongful discharge claim.

Defendant seeks summary judgment on each of these claims. Defendant argues that plaintiff's claim under ORS 654.062 should be dismissed because defendant offered reinstatement and back pay to plaintiff, and plaintiff is entitled to no other remedies. Defendant seeks summary judgment on plaintiff's claim under ORS 659A.233 on grounds that the facility at which plaintiff

OPINION AND ORDER -4

worked is neither a "health care facility" nor a "residential facility," as those terms are statutorily defined.  Finally, defendant seeks summary judgment on plaintiff's claim for common-law wrongful discharge on grounds that plaintiff cannot identify a public policy that her discharge violated, or alternatively on the theory that ORS 654.062 should be construed as providing plaintiff her exclusive remedy.

**ANALYSIS**

Defendant's arguments are taken in turn.

   a.   **Plaintiff's claim under ORS 654.062**

Defendant argues that plaintiff has received all back pay that was due and owing.  Plaintiff was also offered (but rejected) reinstatement.  Accordingly, defendant argues, plaintiff cannot establish that she has damages that are recoverable under ORS 654.062, because that statute provides for only injunctive relief.  Specifically, defendant contends that the statute does not provide for recovering compensatory damages, punitive damages, or an award for attorney fees.

Plaintiff acknowledges that the statute contemplates the recovery of "all appropriate relief including rehiring or reinstatement of the employee to the employee's former position with back pay."  ORS 654.062(6)(d).  Plaintiff argues that whether this language describes the universe of remedies available under the statute, or simply cites certain examples of possible remedies, is a question that remains unresolved.  Response at 13-14 (citing *Deatherage v. Johnson*, 215 P.3d 125, 126 (Or. Ct. App. 2009)).

The Oregon Court of Appeals in *Deatherage* commented that "[nothing in ORS 654.062] states or implies that, except for a different limitation period, such an action differs in any way from any other 'civil action' – including in available remedies.  Thus the relief [referred to, injunction,

OPINION AND ORDER -5

reinstatement, back pay] is not necessarily the only relief that is available in a circuit court case under ORS 654.062(6)(c)." *Id*.

Defendant relies upon the court's decision in *Deatherage* as "relevant guidance" for defendant's arguments elsewhere in defendant's Reply, and offers the reminder that when interpreting state law, this court is bound by the decisions of the highest state court. Reply at 25 (citing *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990)). And, as defendant also asserts, this court must also "apply the controlling Oregon Court of Appeals case law unless it has convincing evidence that the Oregon Supreme Court would decide the case differently." Reply at 21 (citing *Ryman v. Sears Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007)).

Accordingly, the Oregon Court of Appeals' most recent directive on the subject is that "no authority of which we are aware holds or suggests, nor do we hold or suggest, what remedies are available" in such an action under ORS 654.062(6)(d), which provides for "all appropriate relief including rehiring or reinstatement. . . . " *Deatherage*, 215 P.3d at 126.

This court recently adopted a Findings and Recommendation from Magistrate Judge Hubel and held that this statute's reference to "all appropriate relief" includes a jury trial, compensatory and punitive damages, and attorney fees if plaintiff prevails. *Hull v. Ivey Imaging LLC*, Civil No. 08-744-HU, 2008 WL 5071100, at *2 -3 (D. Or. Nov. 21, 2008). Defendant's contention that this court erred in adopting the Findings and Recommendation because it did not consider what defendant construes as a prevailing, contradictory ruling in *Mantia v. Hanson*, 77 P.3d 1143 (Or. Ct. App. 2003), is rejected.

Despite defendant's interpretations, the *Mantia* court did not resolve the matter at issue now. Instead, the court ruled that an *employer* was not entitled to recover attorney fees, while leaving the question of an *employee's* possible entitlement to fees unresolved:

> putting aside the provocative question of whether "all appropriate relief"[as provided in ORS 654.062] could encompass an award of attorney fees to a *plaintiff* . . . nothing in the statutory text purports to confer any "prevailing party" fee entitlement with respect to *defendants*.

*Id*. at 1147 (emphasis in original).

In sum, this court continues to follow the reasoning stated in *Hull*, and concludes that the statute's reference to "all appropriate relief" includes a jury trial, compensatory and punitive damages, and attorney fees if plaintiff prevails.  Defendant's motion for summary judgment on this claim is denied.

### b. Plaintiff's claim under ORS 659A.233

Plaintiff's action includes claims brought under ORS 659A.233.  This statute provides:

> It is unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee . . . for the reason that the employee has in good faith reported possible violations of ORS chapter 441 or of ORS 443.400 to 443.455. . . .

Defendant contends that it is entitled to summary judgment on these claims because that statute is inapplicable to these circumstances.  The reported violations at issue pertain to specific health care facilities or residential care facilities.  Defendant contends that the licensure status of the protected facilities differs from the BVC, entitling defendant to summary judgment.

Viewing plaintiff's claims favorably to the non-moving party (plaintiff), however, this court concludes that plaintiff's *employer* is Luke-Dorf, not the BVC.  Plaintiff has alleged that she in good faith reported possible violations relevant to Luke-Dorf and its administration of residential

OPINION AND ORDER -7

facilities, and plaintiff alleges that defendant Luke-Dorf terminated plaintiff's employment in response to safety complaints that plaintiff raised as a member of defendant Luke-Dorf's corporate-wide Safety Committee. Accordingly, plaintiff's allegations about being retaliated against because of her safety-related complaints fall within the scope of ORS Chapter 443 governing residential facilities.

There is no factual dispute that defendant operates various residential treatment homes and residential treatment facilities subject to Chapter 443. There is no reasonable factual dispute that plaintiff worked on a Safety Committee that was formed to address concerns regarding all of the Luke-Dorf facilities. Plaintiff alleges that the Committee's "policies and expectations applied to Luke-Dorf's facilities collectively," and that Committee members "were recruited simultaneously from all of defendant's facilities, and met at a non-BVC facility with the goal of addressing safety issues, implementing safety procedures, and developing safety reporting requirements for all of Luke-Dorf's facilities." Response at 7.

Defendant's argument that plaintiff's complaints should be construed as limited in scope to the BVC is plausible, but fails to eliminate the material issues of fact raised by these claims. Plaintiff persuasively posits factual allegations that defendant's management intended that the Committee's recommendations be applied consistently throughout its facilities, and that this management directed the Safety Committee (not just plaintiff) to cease work on the subject. Moreover, representatives from other residential facilities worked with plaintiff on the sharps disposal issue. Accordingly, this court concludes that it need not reach the issue of whether the BVC itself is a residential facility. Plaintiff's allegations that the safety-related complaints she voiced on a corporate-wide safety committee (1) implicated defendant's corporate-wide employees

OPINION AND ORDER -8

and facilities, and (2) resulted in retaliation against her, are sufficient to constitute protected conduct within the meaning of ORS Chapter 443 and withstand defendant's summary judgment motion.

### c.  Plaintiff's claim for wrongful discharge

The court has considered the briefing presented by the parties, and finds it unnecessary to provide extensive analysis regarding defendant's entitlement to summary judgment on plaintiff's wrongful discharge claim.  As indicated above, the court is guided by the reasoning presented in *Hull*.  In that case, this court dismissed the plaintiff's wrongful discharge claim because ORS 659A provides adequate remedies, and the Oregon Legislature intended ORS 654.062 to be the exclusive remedy, if applicable, for actions involving an employee asserting concerns about unsafe working conditions.  *Hull*, 2008 5071100, at *2-3.

Accordingly, defendant's motion for summary judgment on the wrongful discharge claim is well-taken.  The summary judgment motion is granted as to that claim.

## CONCLUSION

Defendant's  motion for summary judgment [10] is granted in part as addressed herein.

The parties are also ordered to confer regarding whether this case is appropriate for referral to the services of a settlement judge, or to the court-directed mediation services under the supervision of former Oregon Supreme Court Justice Susan Leeson.  Counsel are invited to contact this court informally if such a referral is deemed appropriate.

IT IS SO ORDERED.

DATED this   17   day of February, 2011.

                                                     /s/ Ancer L. Haggerty
                                                     Ancer L. Haggerty
                                           United States District Judge